**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.                                                    CASE NO: 3:17-cr-20-HLA-JBT

CESAR G. SEQUEN RODRIGUEZ            ORDER ON MOTION FOR
                                                      SENTENCE REDUCTION UNDER
                                                      18 U.S.C. § 3582(c)(1)(A)

_____

# O R D E R

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED

Defendant Cesar Sequen Rodriguez is a 33-year-old inmate incarcerated at Atlanta USP, serving a 120-month term of imprisonment for possession with intent to distribute five kilograms or more of cocaine. (Doc. 37, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on February 12, 2026. Defendant seeks compassionate release because of the Covid-19 pandemic and because of his health conditions, which appear to include diabetes and hypertension. (Doc. 48, Second Motion for Compassionate Release). The United States has

responded in opposition. (Doc. 50, Response). Although he was not granted leave to file a reply brief, Defendant filed a "supplement" to the Motion after the United States filed its Response. (Doc. 51, Supplement).

A movant for compassionate release bears the burden of proving that a sentence reduction is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). The statute provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment … if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). "Because the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Defendant previously moved for compassionate release in May 2020 based on the Covid-19 pandemic and his health conditions. (Doc. 39, First Motion for Compassionate Release). In August 2020, after briefing was finalized on the First Motion for Compassionate Release, the Court denied relief because it determined that the sentencing factors under 18 U.S.C. § 3553(a) did not support a reduction in sentence. (Doc. 45, Order Denying First Motion for Compassionate Release).

In the Second Motion for Compassionate Release, Defendant has not persuaded the Court that its previous § 3553(a) analysis should be any different. With respect to Defendant's conditions, the Court observes that at 33 years old he is relatively young, which mitigates his risk of severe illness from Covid-19. Moreover, Defendant was offered the Covid-19 vaccine in January 2021 but he refused it. (Doc. 50-1, Vaccine Record). While Defendant has the right to refuse the vaccine, it is incongruous for him to refuse the vaccine but seek release from prison, nearly five years early, based on the Covid-19 pandemic.[1] Accordingly, Defendant's Second Motion for Compassionate Release (Doc. 48) is **DENIED.**

**DONE AND ORDERED** at Jacksonville, Florida this 22nd day of April, 2021.

BRIAN J. DAVIS
United States District Judge

---

[1]     The Court recognizes that several circuit courts have concluded that U.S.S.G. § 1B1.13 is not an applicable policy statement for defendant-initiated motions for compassionate release, and therefore does not bind district courts. See, e.g., United States v. Aruda, No. 20–10245, 2021 WL 1307884 (9th Cir. Apr. 8, 2021) (published) (collecting cases); United States v. Brooker, 976 F.3d 228 (2d Cir. 2020). The Eleventh Circuit Court of Appeals has not yet ruled on this issue. The Court's decision does not depend on the resolution of this issue because it would reach the same conclusion even if it is not bound by § 1B1.13.

Lc 19

Copies:
Counsel of record
Defendant